```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION



JESSE JOE GREEN                 ]
     Plaintiff,                  ]
                                 ]
v.                               ]      No. 3:11-0644
                                 ]      Judge Trauger
MONTGOMERY COUNTY JAIL, et al.   ]
     Defendants.                 ]
```

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Jail and Correct Care Solutions, the health care provider for the Montgomery County Jail, seeking damages.

On March 9, 2011, the plaintiff suffered a seizure in his cell. He lost consciousness and fell to the floor. When he awoke a few minutes later, the plaintiff asked to see a nurse. The next day, he was taken to the infirmary and was examined by a nurse. He was diagnosed as being dehydrated and was told to drink fluids. Plaintiff's arm still hurts him from the fall. He apparently blames the defendants for failing to address the pain in his arm.

This action is being brought against the defendants in their official capacities only. A suit against an individual or entity in its official capacity is the equivalent of a suit against the

governmental entity for which the official or provider is an agent. Matthews v. Jones, 35 F.3d 1046,1049 (6th Cir.1994); see also Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Montgomery County, the municipal entity that operates the Montgomery County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Montgomery County or its agent, the Montgomery County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Montgomery County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Montgomery County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge